1 | BARRY J. PORTMAN
Federal Public Defender
2 | JOYCE LEAVITT
Assistant Federal Public Defender
3 | 555 - 12th Street, Ste. 650
Oakland, California 94607-3627
4 | Telephone: (510) 637-3500
Counsel for Defendant DOMINIC SMITH
5
6 | IN THE UNITED STATES DISTRICT COURT
7 | FOR THE NORTHERN DISTRICT OF CALIFORNIA
8
9 | UNITED STATES OF AMERICA,            )   No. CR 07-00467 SBA
                                         )
10 |            Plaintiff,                )   SENTENCING MEMORANDUM
                                         )
11 | v.                                   )   Date:    June 24, 2008
                                         )   Time:    10:00 a.m.
12 | DOMINIC SMITH,                       )   Courtroom: Honorable Saundra Brown
                                         )              Armstrong
13 |            Defendant.                )
     _____)
14
15
16
17
18
19
20
21
22
23
24
25
26

*U.S. v. Dominic Smith*, CR 07-00467 SBA
Sentencing Memo.

## INTRODUCTION

On March 4, 2008, defendant Dominic Smith pled guilty to count one of a three count indictment, charging him with a violation of 21 U.S.C. §841(a)(1) and (b)(1)(C) - possession with intent to distribute cocaine base. He will be sentenced by the Court on June 23, 2008. The parties agree that Dominic Smith's guideline range is 151-188 months because of his status as a "career offender." United States Sentencing Guideline ("USSG") §4B1.1. Plea Agreement ¶7. The parties further agree that Dominic can ask the Court for a one level downward deviation resulting in a guideline range of 140-175 which the government may oppose.[1]  *Id.*

Mr. Smith asks the Court to sentence him to 140 months. Such a sentence is consistent with the factors described in 18 U.S.C. § 3553(a). Mr. Smith files this sentencing memorandum in support of his request. Attached to the sentencing memorandum are the following exhibits: (1) letter from Dominic Smith (Exhibit A); (2) letter from Olivia Irving (Exhibit B); (3) letter from Betty Miller (Exhibit C); (4) letter from Bryanna Johnson (Exhibit D); and (5) letter from Sharon Smith (Exhibit E).

## BACKGROUND

**A. Offense Conduct**

Dominic Smith possessed and sold a total of 9.5 grams of crack cocaine to a confidential informant on three occasions over the course of two months. PSR ¶¶7-9.

**B. Personal Background**

Dominic Smith is a 31 year old man who grew up in a poverty-stricken neighborhood in Oakland in which drugs and violence were rampant. PSR ¶67. Dominic witnessed a murder at the age of 9 years old in this neighborhood. *Id*. In addition, Dominic had little guidance at home as his father was in and out of jail and his mother was an alcoholic. *Id*. *See also* Exhibit D ("Mr. Smith was raised in a poverty stricken urban community, under the impression this was the only way of

---

[1] The agreement is entered into under Fed. R. Crim. Pro. 11(c)(1)(A) and (c)(1)(B) and is not binding on the Court.

life.").

Although Dominic learned at an early age that selling drugs was a way to earn money and support his family, he has come to understand that it is not the way to teach his two daughters about being good and honest citizens. Prior to the time of his arrest, Dominic had been working hard to change direction and become a stable individual upon which his family could rely. According to his fiancé, Olivia:

> he was in the middle of turning his life around . . . He had a job interview the day after he had gotten arrested at a refrigerated company called Bay Refrigeration. Dominic not only wanted to change for me and his daughters but for himself also. He would always tell me I motivate him to be a better person.

Exhibit B. *See also* Exhibit D ("at the time of his most recent arrest, he was waiting to be called for duty with the construction union. Though his past stays the same, Dominic has recognized that it was still possible to change his life.").

Dominic is committed to doing things differently in the future:

> I understand that I need to change my lifestyle and my way of thinking. I have made a promise to myself, my fiancé, and my children, and now I promise to you that I will use this time that I am away to better myself. I will strive to become a better husband, a better father, a better human being, and citizen in society. I don't know exactly what path I am going to take yet, but I am determined to become a productive member of not only [sic] my family, but my community as a whole. Maybe I can even mentor youth in my old neighborhood to keep them from coming down the same path I took..

Exhibit A. *See also* Exhibit B ("Dominic is a good man who needs a second chance"). Were the Court to sentence Dominic Smith as requested, he would be sentenced to over 11 ½ years in prison. This is quadruple any sentence he has ever served and is a significant amount of time in custody.

## DISCUSSION

**I.     The Circumstances of this Case and Dominic Smith's History and Characteristics Indicate that A Sentence of 140 Months is Appropriate**

The Supreme Court's decisions in *United States v. Booker*, 543 U.S. 220 (2005), *Kimbrough v. United States*, 128 S.Ct. 558 (2007), and *Gall v. United States*, 128 S.Ct. 586 (2007), have

dramatically altered the district court's role in sentencing. Taken together, these cases make it clear that district court judges now have the ability, as well as the duty, to exercise their judgment and discretion in arriving at a sentence that is "sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2)." Section 3553(a)(2) states that such purposes are:

> (A)  to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>
> (B)  to afford adequate deterrence to criminal conduct;
>
> (C)  to protect the public from further crimes of the defendant; and
>
> (D)  to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

18 U.S.C. § 3553(a)(2). Moreover, district courts must consider "the nature and circumstances of the offense and the history and characteristics of the defendant," the kinds of sentences available, the policies of the Sentencing Commission, the guidelines, the need to avoid unwarranted sentence disparities, and the need to provide restitution to any victims. 18 U.S.C. §3553(a)(1) - (7); *see also*, *e.g., United States v. Carty*, 520 F.3d 984, 991 (9th Cir. 2008) (describing the "overarching statutory charge for a district court").

The Guidelines, "formerly mandatory, now serve as one factor among several courts must consider in determining an appropriate sentence." *Kimbrough*, 128 S.Ct. at 564. While "district courts still 'must consult [the] Guidelines and take them into account when sentencing,'" *United States v. Cantrell*, 433 F.3d 1269, 1279 (9th Cir. 2006) (quoting *Booker*, 543 U.S. at 264), the district courts "may not presume that the Guidelines range is reasonable," *Gall*, 128 S.Ct. at 596-97 (citing *Rita v. United States*, 127 S.Ct. 2456 (2007)). And, as the Court's subsequent decisions in *Gall* and *Kimbrough* demonstrate, *Booker*'s consultation requirement is not intended to limit the district court's sentencing discretion.

The Court in *Gall* emphasized the importance of deferring to the judgment of the sentencing courts, explaining:

> The sentencing judge is in a superior position to find facts and judge their import under § 3553(a) in the individual case. The judge sees and hears the evidence, makes credibility determinations, has full knowledge of the facts and gains insights not conveyed by the record. "The sentencing judge has access to, and greater familiarity with, the individual case and the individual defendant before him than the Commission or the appeals court."

*Gall*, 128 S. Ct. at 597-98 (quoting *Rita v. United States*, 127 S.Ct. 2456, 2469 (2007)). In *Gall*, the district court rejected a Guidelines range of 30 to 37 months in favor of probation. In upholding the sentence, the Supreme Court acknowledged that "the Guidelines are not mandatory, and thus the 'range of choice dictated by the facts of the case' is significantly broadened." *Id.* at 602. Moreover, the sentence must be based on "an individualized determination based on the facts." *Id.* at 597.

In Dominic Smith's case, a sentence of 140 months is adequate but not greater than necessary to meet the objectives of sentencing. Some of the factors described in 18 U.S.C. §3553 which the Court should consider are described below.

### 1. Nature and Circumstances of the Offense

Under 18 U.S.C. §3553(a), the Court should consider the nature and circumstances of the offense in determining an appropriate sentence. In this case, Dominic pled guilty to distributing 9.5 grams of crack cocaine to a confidential informant.

Much has been written about possession of crack cocaine, which is subject to much greater punishment than powder cocaine. In *Kimbrough*, the Supreme Court found that "the crack/powder disparity produces disproportionately harsh sanctions, i.e, sentences for crack cocaine offenses 'greater than necessary' in light of the purposes of sentencing set forth in § 3553(a)." 128 S.Ct. 675. As the Ninth Circuit has recently noted, "both the United States Sentencing Commission and the Supreme Court criticized the 100-to-1 sentencing disparity between offenses involving crack and powder." *United States v. Medina Casteneda*, 511 F.3d 1246, 1248 (9th Cir. 2008). In *Medina Casteneda*, the district court rejected the defendant's request that it consider the powder/crack disparity in determining his sentence. *Medina Casteneda,* 511 F.3d at 1248-49. The Ninth Circuit

remanded so that the district court reconsider the defendant's sentence "in light of the *Kimbrough* decision and to determine whether the disparity between crack and powder cocaine produced a sentence 'greater than necessary' under § 3553(a). *Id.* at 1249. Thus, *Kimbrough* and *Medina Casteneda* confirm that the crack/powder disparity is a relevant factor to consider under § 3553(a).

However, in this case, Mr. Smith's guidelines are so high because he is being sentenced as a "career offender" under the provisions of USSG §4B1.1. Yet, after *Booker*, *Gall* and *Kimbrough*, the Court should not simply sentence Mr. Smith in accordance with the career offender guidelines but should weigh this factor with other factors. The district court "may not presume that the Guidelines range is reasonable." *Gall*, 128 S.Ct. at 597. Further, while the Guidelines are to be accorded "respectful[] consideration," no factor, including the Guidelines, "should be given more or less weight" than any other factor. *Id.*

Were Dominic not being sentenced as a career offender provisions, his adjusted offense level would be 21 and criminal history category would be V, for a range of 70-87 months. Yet, the sentence he is requesting of 140 months is double the sentence he would otherwise receive. *See, e.g. United States v. Fernandez*, 436 F. Supp. 2d 983 (E.D. Wisc. 2006)(Where guidelines were 188-235 months, court imposes 126 months in part because Sentencing Commission study shows that in cases involving low level street dealers, career offender status often produces a sentence far longer than previous sentences and one greater than necessary to deter the defendant from committing further crimes); *United States v. Ennis*, 468 F. Supp.2d 228 (D. Mass 2006)(significant departures granted because "astonishing" sentences that would result from career offender guidelines determined to be "wholly inconsistent with purposes of sentencing in 18 U.S.C. §3553(a)).

Consistent with the reasoning in these cases, in this case as well, Dominic Smith is a low level street dealer who faces a sentence far in excess to any sentence he has received in the past and a sentence which is greater than necessary to deter him from committing future crimes. Based upon the nature and circumstances of the offense, the Court should impose a sentence of 140 months.

**2.   The History and Characteristics of Dominic Smith**

Under 18 USC §3553(a), the history and characteristics of Dominic Smith is a separate factor for the Court to consider in fashioning a fair and just sentence. The Ninth Circuit has determined that lack of guidance as a youth may be mitigating factors which render a defendant less culpable. *See, e.g. United States v. Floyd*, 945 F.2d 1096 (9th Cir. 1991). As described above, Dominic Smith grew up in a neighborhood riddled with drugs and violence and in a household run by a father who was in and out of jail and an alcoholic mother. Although his grandmother was sometimes available for him, the most guidance Dominic received was on the streets. Dominic's exposure to violence and his lack of guidance undoubtedly played a role in his getting to this point. His history is a mitigating factor for the Court to consider.

The Court also should look at the characteristics of Mr. Smith in fashioning an appropriate sentence. As described in the letters attached, Dominic is a man who is considerate of others and who cares deeply for his family. In his own letter to the Court, Dominic talks about his "two beautiful daughters" and his concern about what could happen to them. Exhibit A. In addition, his fiancé, Olivia Irving, who is the mother of his youngest daughter, talks about Dominic's relationship with his daughter as "priceless" and also describes how he cares for his mother, who previously was described in Alameda county probation reports as being "extremely frail emotionally, psychologically and physically." PSR ¶64. According to Olivia:

> He loves his family more than anything. I've watched him take care of his mother day after day, and making sure his family never went without. Dominic is an excellent father.

Exhibit B. Moreover, Dominic's aunt, describes Dominic as "a loving caring attentive son, brother and nephew." Exhibit C. She further explained that when Dominic's grandmother was very ill, she could call any of her grandchildren, but she would call Dominic who would stop what he was doing just to bring her a glass of water. *Id*. Finally, Bryanna Johnson describes Dominic as "considerate of others, family oriented and very loved." It is clear that Dominic is someone who despite being exposed to so much violence, knows the importance of family and has shown that he will give of himself to others.

Further, Dominic is someone who understands that he must do things differently in the future and he is committed to doing so. Exhibit A. ("I promise to you that I will use this time that I am away to better myself. I will strive to become a better husband, a better father, a better human being, and a citizen in society.") Under all of these circumstances, the history and characteristics of Dominic Smith warrant a sentence of 140 months.

### 3. A sentence of 140 months in custody is sufficient to show respect for the law, just punishment, adequate deterrence and to protect the public or for training

18 U.S.C. §3553 provides that the Court shall consider the need for a sentence to promote respect for the law, provide just punishment for the offense and afford adequate deterrence to criminal conduct. 18 U.S.C. §3553(a)(2)(A) and (B). Furthermore, the Court is required to consider the need to provide a defendant with needed educational or vocational training or other correctional treatment in the most effective manner. 18 U.S.C. §3553(a)(2)(D). A sentence of 140 months meets these objectives of sentencing.

For example, the sentence does not need to be greater to show respect for the law because a sentence which exceeds 11 ½ years is significant. In addition, in his letter to the Court, Dominic makes it clear that he has respect for the law and understands that he has to change. He is committed to this goal.

Such a sentence also provides adequate deterrence. It is a significant amount of time in custody. Dominic Smith's letter indicates that he is remorseful. A sentence of 140 months will serve the purpose of adequate deterrence.

Finally, a sentence of 140 months in custody also would further the sentencing factor of providing a defendant with any "needed educational, vocational or other correctional treatment" because it would enable Dominic to participate in drug treatment. *See* 18 U.S.C. §3553(a)(2)(D). It would also allow him to work on his education and get needed job training. A sentence of more than 140 months is unnecessary to meet these goals and objectives of sentencing.

1  **II.    Mr. Smith Requests That the Court Recommend to the Bureau of Prisons That He Participate in Drug Treatment and That He Be Designated to a Facility That Will Allow His Family to Visit Him.**

As discussed above, Dominic suffers from a drug problem. PSR ¶77. He began smoking marijuana daily by age 13, a habit which continued until his arrest. *Id*. He also became an alcoholic who would experience "black outs" after heavy drinking. *Id*. He is eager to receive drug treatment so that when he is released, he can live in the community without substance abuse. *Id.* Dominic Smith asks the Court recommend to the Bureau of Prisons that he attend the 500-hour RDAP drug treatment program while in custody.

In addition, Dominic asks that the Court recommend to the Bureau of Prisons that he be designated to a facility in California which will enable him to remain close to his family. He has two young daughters with whom he is close. His fiancé is a strong source of support and encouragement to him. Being close to family would help facilitate his rehabilitation.

**CONCLUSION**

For all of the reasons described above, Dominic Smith asks the Court to sentence him to 140 months in custody. He further asks the Court to recommend that he be recommended for the 500 hour drug program and that he be designated to a facility as close to his family as possible.

Dated: June 18, 2008

Respectfully submitted,

BARRY J. PORTMAN
Federal Public Defender

/S/

JOYCE LEAVITT
Assistant Federal Public Defender

*U.S. v. Dominic Smith*, CR 07-00467 SBA
Sentencing Memo.                                                                                                            - 8 -